25-5587 United States of America v. Justin Carroll Argument not to exceed 15 minutes per side Counsel, you may proceed for the appellant when ready Good morning May it please the Court I'm Michael Hawley, I represent the appellant Justin Carroll and I would like to reserve three minutes for rebuttal Thank you So Mr. Carroll was convicted at trial of several counts of child pornography offenses and we are challenging just two of those, the most serious two counts One is basically production and the other is persuasion or inducement So I'd start with the most serious charge, production and the gist of the argument I think where the core of it goes is did the government, is the evidence sufficient to find that he was involved in the production of the child pornography that was sent to him on October 14th and 16th and basically ironically in this count the government had less proof than they had on the other counts, they didn't have the direct proof, they did not have the witness there testifying so they had no direct evidence on when this when these images were produced the minor victim was not there, she did not testify and they did not have any forensic evidence either you know they could have had evidence showing well we can look at the metadata or whatever and this was produced on this date or it was even produced in the ten month window of the indictment they had none of that and on top of that the prosecutor admitted that certainly certainly I'm calling her Jane, certainly Jane minor victim one created some of these images on her own the prosecutor admitted that so some of the images that she submitted to the jury were created by Jane on her own and so the government had no proof to show well when did she produce these images on the 14th and the 16th they had no proof of that and at the same time the other two minor victims who did testify you know they refrained from saying anything like well during our chats I created these images to satisfy Mr. Carroll so these other minor victims obviously they created their images at some other time and it's not unlikely in fact it's almost absolutely certain that people that engage in these chats have a bunch of images in their computer and they don't have to be creating the image at the time even if they're fantasizing like oh we're doing this now here's an image you know obviously they can pull an image from the hard drive and just send it and that's and that's an entirely possible situation. Wasn't all this in front of the jury? uh... yes your honor all this was in front of the jury what what led them to go awry from your perspective? well uh... this is how juries often go in cases I mean this is why there's appellate review of juries but I mean just it's what it's the nature of the charges it's so provocative it's hard to be careful about dates and maybe so maybe so I mean the way the trial went the prosecutor submitted what the district court called reams of evidence reams of images and chats and stuff didn't tell anyone much of the significance of it while she's presenting it didn't have someone testifying like this is the key document this is the key chat and at the end of the trial the judge said oh the poor jury how are they supposed to wade through all this? and the prosecutor talked about how she's not going to hide the ball from the jury when she gets to closing she's going to explain it to them and that's the first time and this relates this is our second claim there's kind of an ambush at the end of trial uh... that is the first time the prosecutor told the defense even what two images were supposedly produced to support this count the defense went through the whole trial in the dark and you know with these reams of stuff uh... and with a count it was charged over a ten month period and at the end of trial the prosecutor discloses for the first time oh it's these two images october fourteenth when he said can I see and october sixteenth when he said let me see or something like that so well why couldn't the jury infer from the chat because they did have the chat they didn't have her testimony but they have the chat i hear you saying that it doesn't necessarily mean that the image was produced at that time but in the context of their conversation why couldn't the jury infer that that is in fact what happened this has been an inference beyond a reasonable doubt there are cases on insufficiency of evidence that so you know this is not a toothless standard there has to be some actual evidence to support it why wouldn't the chat support that the chat supports that they were chatting and she sent the image it doesn't support the inference that she made it right then but weren't there eleven all you needed was one that she produced at that time that's true that's true your honor but the odds are starting to go in the government's favor with that uh... with uh... jury i'm just making the point that if there are eleven of them isn't it even more fair inference that one of them was created for carol oh eleven images there's only two images i thought there were eleven unique photos she sent him uh... there might have been i don't remember reading that anywhere but the the government's theory which they disclosed at the end was that these two images they identified the two exhibits they said it's this on october fourteenth and this on october sixteenth you know that this is a leap this is the kind of leap that a jury is allowed to make because it's completely possible that it was you know a pre-made image it's possible she made it right then but they need to have some evidence and you know the missing evidence is the minor victim who could have testified she was on the witness list she gave the prosecutor statements no doubt ahead of time that would have had been turned over if she had testified and the prosecutor admitted that she created some of the images on her own so how do you like decide that these two images were the ones that she did not create on her own there's no evidence on that uh... and it and this does kind of all bleed into the second issue which is the duplicity duplicity problem which is really about this was describing this kind of an ambush at the end of trial this charge if you're going to say that he committed the crime on two different days with two different images it should be charged as two counts but the prosecutor charges one count over ten months which kept the defense in the dark and so you know they couldn't go hire an expert and say hey examine this photo examine all this data and see if there's some evidence or something about when it was produced or does it match up to some other image that was produced at some other time remind me in closing statements to defense counsel I assume it wasn't you but defense counsel make the argument you're making now not the duplicity one but the one about whether she produced them and you have no you have no way of knowing she made that argument at one point your honor uh... in closing in closing yes I'm quite certain I'm quite certain of that she had three types of arguments one was these might not even be child pornography because you can't tell the age of the person the other is it might not even be minor victim one and the other is you don't know when she made it if she made it in response to him how about on the entice point in terms of how to read that on count two uh... I really think what's happened here is the government has taken dicta from the Nintowat case and actually really just a CF site to the United States Supreme Court's decision in Hansen uh... and and kind of run with it kind of run wild with it really and in fact I think the Nintowat case describes Hansen inaccurately in that parenthetical Hansen was looking at the words encourage and induce they were looking at those words trying to explain why they don't just mean the natural language you know why they're not so broad is to reach when someone says hey it's good you're living in this country we want you to remain here or something which would be encouraging someone to remain in the country so the Hansen case said encourage and induce, no those require more encourage and induce are used with criminal solicitation and facilitation uh... you know describing those offenses right so I hate to cut you off but can I just ask you what you think is required so I understand your position that Hansen's not a reliable indicator of what the words in 2422b mean uh... but can you tell me what you think is required I think at a minimum what's required is what we're asking I think maybe even more is required but at a minimum the mental state of the minor must be changed as the Eleventh Circuit in the Polito case says the mental state must go uh... I mean Polito does it kind of assumes that that's the right answer but I don't read Polito as deciding that that's the right answer I mean they don't really wrestle with the language of the statute it just sort of assumes that this is the right reading of the statute I haven't looked at the briefs in that case but I wonder whether both parties agreed on that I think that was necessary to the ruling on duplicity to decide that enticement happens when the mental state shifts from one of hesitation to one of agreement yeah and that so putting aside Polito that is what you think the correct reading of the statute is yes at a minimum like a completed persuasion or inducement and solicit short of that and solicit is short of that why can't solicit and entice be synonyms uh... I mean in some contexts that you know it's possible I mean maybe if you canvassed the whole code and so forth maybe it could be but in this case what Hansen seems to show is that words like induce are more like requiring or more like facilitation which requires that the target crime be completed I mean yeah go ahead so I'm just thinking about your jury instruction objection it's not clear to me that you preserved your jury instruction objection that you're arguing about now which is the one about the mental state because below you talked about completion you talked about whether the sexual activity had to have been had to have occurred that was your your objection was to that jury instruction I don't I mean maybe you can help me see where you preserved this claim I can look at the brief again I mean I'm quite certain that's what uh... the trial lawyer talked about in the jury conferences she said she's objecting to the instruction that goes in that says the minor's mental state is irrelevant well there is some discussion of that but it's in the context of objecting to the instruction that the sexual act did not have to be completed I just don't know whether the trial court would have understood that you were objecting to this other instruction I think she certainly objected to that instruction your honor and the government has not raised this concern they seem to have waived any claim that it wasn't raised below you can waive a standard of review uh... I don't know I haven't thought about that one other thing in thinking about the word entice which seems to be the most modest like the best for the government the worst for you I guess is my instinct is there a part of this where it's not dictionary definitions it's the practices between the carol and the victim and you know the fact that they had been sharing these pictures so that when you he now shares a picture it's am I allowed to consider that or is that not right you're allowed to consider that he's already done it before it's almost like they have a form of communication a little bit and so it's not a new enticement it's already happened I mean that's one of the defenses of this is he didn't know she was over fourteen or under eighteen until uh... after she had already sent him images so and for the enticement charge they have to prove that he knew she was underage and so the time he's having these chats with her she's already sent him stuff he's not trying to change her mental state at that time and I do think he offers her the same he continues the conversation we'll call it yeah he keeps sending her pictures every time he sent her pictures in the past she sends something in return so now he knows that she's underage and he sends the picture why is that not an enticement to get another picture in return well this is something the jury should have had to decide is he changing her mental state by doing this did he change her mental state but I don't understand why the mental state that's why it's necessary I guess I'm not following that I mean I understand why that works with coerce induce okay I got it but I guess I'm just not sure with entice I think there's a couple reasons when you look at this whole series of words persuasion induce coerce entice and then you can have the option of charging as an attempt which they did not do well attempted persuasion is what sounds like you're proposing as entice attempted coercion might be what the court is proposing might be entice I think in fact I think the proper reading in these terms after looking through Hansen and realizing induce really matches up better with facilitation is that you do have to prove that the minor completed the target offense was completed that the minor did engage in the sex but that wasn't preserved below uh... so I think you need to prove that the defendant enticed the minor which changed the minor's mind and then they did the act but they didn't preserve the part about the act why do you think that it wasn't preserved below that you objected that she had to complete the sexual act I think you preserved that claim you just didn't appeal it uh... that's not how I remember the record but I've now looked at that because this was a brought up unless there's others we'll give you a free rebuttal thank you Mr. Hawley appreciate it okay Mr. Hinkle good morning your honors may it please the court my name is Zachary Hinkle I represent the united states in this matter Justin Carroll was an FBI employee when he was carrying on at least three uh... illicit criminal ultimately conversations with fourteen-year-old girls in which they were exchanging sexually explicit images he was found out because a box with candy and a teddy bear do you mind going right to the show absolutely judge so he made two points he wants us to focus on so in the production count he's saying how do we know these weren't uh... photos she had which you know that's that's certainly possible so why don't we start with that one and then we'll get to the entice one so on count one on this question about whether the jury reasonably concluded that she had produced it at the time obviously as we've articulated in our briefs and judge davis I believe you brought this up uh... while Mr. Hawley was up here the chats themselves are a sufficient evidentiary basis for the jury to  that the victim produced these images at the time that the defendant requested them uh... there there is a conversation it's in keeping with the kind of conversations that they had throughout this ten-month long relationship if you will uh... and in the course of that conversation they engage in sexual talk he's sending her pictures in one of them uh... he asks to see her he prefaces it with something of a description and one of them i think he says to spread for him the other one she actually indicates that she was using a dildo that's her word you would say that the proof that they were produced at that point was the context of the chat conversation that that really makes it quite improbable that she had these pictures sitting around I mean a jury can do what it wants but it was certainly enough to say it happened then that's exactly right your honor uh... and and i would also note that you know the sufficiency standard is the defendant really has to show that the jury here was acting irrationally uh... you've given it that response is easy to go look at the chat things i think i understand what you're saying so now let's go to the other one okay you know so that you know you can just see it so many ways i mean you can do this words are known by the company they keep and induce coerce and persuade do kind of suggest changing someone's mind and then entice the question is whether it's supposed to be like them or it's a separate way of doing it and uh... you know really means more solicit uh... so you know what's your best argument there well i think the best argument there and this is what the court did in nensawa which i i i don't really agree that it was dictum but i i'm not sure it is really critical because it's an unpublished case but the court in nensawa looked at the definition of entice and in fact black's law dictionary in effect at the time the statutes were enacted used soliciting a child for sexual activity as an example of an enticement and i think that's one one way that the analysis in hansen is also helpful though it's interpreting the word induce uh... that's right what what work is the attempt well i think you're sort of minor on attempt cases that it doesn't actually involve a minor right so you're you're sort of normal attempt cases the i agent is playing a minor exactly the problem is this language was inserted into the statute in nineteen ninety six and in nineteen ninety six i'm old enough to remember that there like the internet was kind of a thing but like not really it was certainly not something that fourteen-year-old kids had so like i get today in twenty twenty six i'm like yeah that's what attempt is for it's the fbi agent impersonating a child in an online chat form but in nineteen ninety six i mean maybe it's a fair point and i take the point i do think though that you know even in even in that era you know you had instances in which people could take over conversations i think it was less common uh... obviously because it's so much easier to do that in a sort of quasi anonymized setting which maybe was less prevalent then but you know beyond just your sort of undercover officer there's also instances in which uh... an attempt is intercepted by an adult right the solicitation never actually makes it to the child there's a case we cite in our brief uh... which is united states versus get ski if i'm pronouncing that correctly which i'm probably not uh... but that is a series of letters that the defendant in that case is sending to a minor victim uh... and if memory serves from that uh... from that case i believe that those letters were ultimately intercepted at one point by the victim's mother that's an example i think of where even in the nineties you couldn't even make an example on this fact pattern in other words one reason you might call this entice is because of their previous exchanges one sends a photo the other sends it back an attempt case might be one where all you have is one you send the photo that's an attempt you're thinking maybe this will do the trick to get something in return there's no reason to think just randomly sending a pornographic photo is going to do that so even here i don't think there's if they're Venn diagrams i don't think they overlap entirely your honor i agree with that example i'd give you another one too uh... in this case immediately after this conversation though we've sort of identified as you know the one that is the subject of the 24-22p count uh... the victim actually goes to Disney World for like a week with her family and he's continuously attempting to contact her with no response because she's sort of indisposed you could imagine an attempt in line with this conversation where he starts sending her photos and she never receives them because she's indisposed in the context of their conversation just like we've argued in this case i agree when they're having the conversation it's an enticement but if he does that and she doesn't receive the images that could be an attempt so that's another example i think where attempt is doing real work in the statute even if enticement uh... can apply to circumstances like this where uh... it's the sort of solicitation or something in keeping with the long-standing pattern of practice forgive me if this is so well settled i should know it do you agree that persuade, induce, and coerce do require a change in the mindset of the recipient i well i think that those are different certainly different words i would note that the court i think dropped a footnote in it's a lot to say that at least with respect to coercion i believe that might be different that there might actually be more required by coercion and so i think why not induce and persuade as well don't they seem to have this flipping the mind of the person you're i do think that well i'll say it this way i think with respect to induce then you run into the question of united states versus hansen which is that's the verb that the supreme court was considering it's encourage or induce true that's true i absolutely agree with that your honor i'm not suggesting that hansen sort of resolves this issue but hansen in that context does point to 2422b as sort of an example in the code so i agree it doesn't resolve the issue entirely that was a different statute but the use of the word induce there and the way that it speaks to solicitation that that would be my caveat there to your question judge i think with persuade uh... that might that might require more uh... i i certainly agree that i think in of the verbs entice is sort of the most uh... i don't wanna say the simplest to prove but the most apt in this case and the one that most bespeaks solicitation why didn't you charge attempt? well your honor i this is not a satisfying answer i didn't charge the case uh... uh... but i will say i'm going to try to answer your question though because i hate to leave a question unanswered but you know what i what i would say is this we are typical view when we charge a case is we're going to charge the crime that we think was committed right we're going to charge the crime uh... as we think uh... it was committed by the defendant and what we think we can prove and so i have to assume that that i'm sorry does rule thirty one mean that you actually did charge attempt even though it that the indictment implicitly carries attempt with it that's how i understand rule thirty one and i would also note that the indictment in this case also states the subsection e which is where the attempt language is well that's with respect to twenty two fifty one but with respect to twenty four twenty two b uh... on the thirty rule thirty one issue yes i think generally speaking a defendant by operation of the rules is on notice that uh... the government could prove an attempt uh... what about the jury instructions they were not instructed on attempt your honor is that a problem i think it's a problem if he's prejudiced by it and i would note but i would note that with respect to the twenty four twenty two b count his theory was essentially that's not what he was trying to do in fact i think counsel said something to the effect of he wasn't attempting to get hurt uh... says that multiple times uh... so i mean it the government makes very clear that it's going to try to prove this charge by showing that he tried to get her to send more photos and then in response the defendant says but i didn't try to get her to send more photos so i'm again i struggle with maybe what the real argument was was he was arguing there was a variance or constructive amendment never made that claim and i think that would be the jury here was told nobody ever told the jury anything other than it can convict if it finds that he tried to persuade her i'm just not sure what doctrinal box that goes in i think that's true with respect to argument that the argument was on both sides sort of you know if you tried no he didn't try essentially if you find that that's what he was intending to do is i think how the government phrased it right if you find that what he's intending to do when he's sending these images of himself is that he's hoping for her to send this stuff in response uh... because that's what they had done before that was how the government framed it and then his response to that was that's not what he was trying to do he didn't attempt to get her to send him anything uh... in terms of the instructions uh... there was no attempt at instruction that that's that's just crystal clear in the record so i think what it boils down to from a doctrinal perspective it's really whether or not the court would modify it right uh... and there i think the question is is he prejudiced by that in this case and because of that theory i think the answer is no that's why we've articulated that because the defendant's theory in this case is largely focused on the fact that this wasn't charged as an attempt and at the end of the day especially for count two uh... i'm not sure makes a huge difference well you think we can ourselves modify the conviction we remand for the district court to do that we is that a reverse? is that an affirm? i think it would be a remand for because i think the district court would have to remand? uh... what is i mean you know yeah the operational if you want us to rule for you on that theory how does that go? fair question i first of all just i want to i am asking the court to just affirm because you're asking us to say no entice means solicit right or at least as judge sutton put entice means in the context of their conversation this is what he meant and she understood it that way uh... but to the extent the court is contemplating the alternative relief that we've requested what i think would happen operationally is that the court would affirm but remand with instruction to modify the judgment to reflect an attempt on count two that's how i think that that would work because i think ultimately would have to be the district court that would uh... operationalize if you will uh... the modification of the judgment to reflect an attempt uh... and you know the court has done this on a couple of occasions uh... it doesn't do it frequently but it has done on a couple of occasions and candidly i'm not sure some of those were older cases i'm not sure exactly who put pen to paper where but my instinct would be to say this should be the district court that would amend the judgment at the court's direction unless the court has any questions which i'm happy to answer we respectfully ask that you affirm you know i still have i'm sorry so i just have another question so this is respect with respect to this also goes to the same count you say or you seem to say that carol knew that the victim was a minor by march sixteenth oddly the defendant seems to say that it was earlier than that november twentieth i'm not sure what the november twentieth trigger for him knowing was and i'm also not sure all the evidence you point us to is after march sixteenth what is there between november what's the november twentieth trigger and is there evidence between november twentieth and march sixteenth that we should be looking at so if memory serves from the record the november date i think there's there's one point where she actually says i'm not eighteen i'm fourteen which may have been in november and she says something like oh just kidding or something like that something along those lines something like yeah you i don't care and you seem like a kid or something like that that's right the march date your honor is when her mother tells him explicitly stop talking to her she's fourteen between november and march there is other discussion from which a reasonable person could conclude that the uh... that the the victim was under eighteen she talks about you know her mom takes her phone away i've got to go do something with my brother that kind of thing and just to take a step back because may i briefly conclude your honor uh... because i don't want to get too lost in the weeds on what is in the chats that is about her age because at the end of the day this is a defendant who's talking with three girls at the same time all of whom are fourteen two of whom testify he knew i was fourteen and the defendant admits to having at least one video chat with this specific victim in his statement to the fbi there's pictures and images of her face throughout their chats i think the jury could reasonably conclude on any of that even before november that he had reason to believe she was under the age of eighteen the march we just have the logs of the chat so we can't tell like we don't have that that's that's correct your honor when you say chats i assume you mean the video chats yeah we don't have that right because they weren't recorded and retained and everything but he does admit to having it he suggested he couldn't tell much about her you know but i think the jury can rely but are there any images that were exchanged like what evidence would suggest that he was soliciting or enticing or whatever persuading after is there anything between november twentieth and march sixteenth like let's say we agree with the defendant that he knew november twentieth you've only talked to us about evidence of solicitation persuasion et cetera after march sixteenth i'm looking for what's in that gap okay and what i'd like to do too is sort of point you if it's helpful uh... to a page this is page nine of my brief page eighteen on the docket uh... so uh... in november twenty twenty victoria said that her mother was a type of mom that only permits her phone in the case of emergency uh... and then between that time and these are some messages that are in january she speaks about being in school she mentions her brother she talks about one point that maybe he reasonably should have believed she was a kid the question is did he engage in any behavior after that in that gap between november twentieth and march sixteenth because we've got post-march sixteenth that would amount to enticing persuading soliciting coaxing because you don't talk i didn't see where you talk about that and i'm just wondering you know it's a big record we don't have it all so we can't review it all ourselves your honor a lot of these conversations were of course these conversations were between the two of them uh... standing here right now i can't identify a photo in that january february area what they relied upon in the closing argument which is what we point to in the brief is the april incident which is obviously after all of this so i don't want to mislead the court because i just don't recall off the top of my head a specific image in that time period but there were i mean the record is replete with images okay alright thanks mister holly i'd like to first address the production again because that is the most important thing to mister carroll does that count and i think there's an important fact that has not been mentioned not only did the prosecutor admit that the minor created images on her own but the minor also sent him the same images over and over again there's an example of an image that was sent twice in the month of september and then in october and then in february or something so she was reusing the same image and he would accept that image so there is a big evidentiary gap and the gap is because they did not call her to testify now i think it was judge davis that made the point that the chats show some context and it starts to seem pretty implausible given some of the latin prompts that you know it just so happened you already have this picture you know the government's identified nothing specific like that now people in these chats they say hey do this take a picture of yourself with your hand on your back to make sure it's real or it's you there's nothing at all like that there's no case law that they cite where such a big gap has been filled whereas in the brocksmeyer case the second circuit case the gap is the same the gap is the same the guy asked for pictures she gave him pictures and they didn't prove when they were produced they said well they could have been produced beforehand they could have been produced you know not at his behest it's the very same gap in that published decision by the second circuit and the cases they cite are not remotely close they rely on this ogden case from the sixth circuit where the victim testified that she produced the stuff for him and he had direct evidence that the exact evidence is missing in this case it's a giant gap in this case so if carol says to her hey you want to spread them for me and she sends a picture where she's actually spreading that's not enough for the jury to infer that she took that picture as a result of his request for that specific pose is that what you're saying? your honor i don't know that i don't think the evidence shows that i don't think i don't know of any evidence that shows that let's just say it did that would work wouldn't it? would the jury draw that conclusion? depending on how precise this is about spreading and what the image is or how common the image would be because you know there's only so many images in the world uh... so many different poses or whatever uh... because yeah it's a lot to rely on for that i mean you're almost assuming the truth of the matter asserted in this hearsay statement the minor did not testify and then they quote all these things about oh i'm doing this now or whatever it's assuming the truth of the matter asserted but she was not there to testify and not there to be questioned about it and when you're relying only on that that's that's that's a big problem so i think i think that's the biggest issue i mean can i just say one word about november twentieth thirtieth we're not admitting he knew after then i'm just saying that's the government has argued that's as soon as he would have known and that's because of this chat about the you know this phone mom took my phone right okay to both of you for your helpful briefs and argument and mister holly i see your cj a uh... i don't know if you're back in the public defender's office or what but we're so grateful to have you here and uh... your clients very lucky to have you so thanks to both of you and the case will be submitted